# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EQUANES A. GRIFFIN,**

    Petitioner,

  v.        Case No. 19-CV-1313

**BRIAN FOSTER,**

    Respondent.

## ORDER

On September 10, 2019, Petitioner Equanes Griffin filed a petition for a writ of habeas corpus claiming ineffective assistance of his appellate counsel. (ECF No. 1.) This court screened Griffin's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered Respondent Brian Foster to either answer the petition or move to dismiss it. (ECF No. 11.)

On March 19, 2020, Foster filed a motion to dismiss (ECF No. 17), principally arguing that Griffin's petition is untimely (ECF No. 18). Foster argued that Griffin's conviction became final 90 days after October 10, 2007—the date the Wisconsin Supreme Court denied Griffin's petitions for review—or January 9, 2008. (*Id.* at 7.) Griffin then had

one year to file his federal habeas petition, but he did not file it until September 2019. (*Id.* at 7-8.)

Griffin filed a habeas petition in state court in December 2018, but Foster argues that, because this was also filed after the statute of limitations expired, his time for filing his federal petition was not tolled. (ECF No. 18 at 9-10.) Foster additionally argues that a motion to vacate the DNA surcharge filed in August 2009 in his felony murder case had no effect on the statute of limitations (*id.* at 8-9) and that Griffin never explained why he failed to file on time or why equitable tolling applies (*id.* at 10).

Griffin had 28 days to respond to Foster's motion to dismiss, making his response due on April 16, 2020. Griffin has not responded. Accordingly, the court will grant Foster's motion as unopposed.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Griffin a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). By failing to respond to the respondent's motion to dismiss, Griffin has not shown that there exists any debate as to the correctness of the conclusion that his petition is untimely. The court independently

likewise concludes that this procedural decision is not fairly debatable. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Foster's Motion to Dismiss (ECF No. 17) is **granted**. Griffin's petition and this action are dismissed. The Clerk is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of May, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge